Marian F. Harrison
US Bankruptcy Judge



Dated: 5/20/2020

JV

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTORS **JETHRO SHELDON THURSTON**                    Case No.      **20-00625-MH3-13**
**JENNIFER LEIGH THURSTON**
**SSN XXX-XX- 0803  SSN XXX-XX- 8042**

### ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

### CONFIRMED WITH CHANGES

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtors' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1.  The plan is confirmed as set out below.

2.  A timely proof of claim must be filed before the creditor will be paid under the plan.

3.  The debtors shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4.  The debtors shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5.  The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6.  Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$310.00** for filing fees.

7.  The debtors shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8.  The trustee and the debtors retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtors or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

## PART 1:    NOTICES

The confirmed plan **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order. This order may include provisions different than what was contained in the original plan. Parties are encouraged to carefully review the terms of this order and the previously noticed plan. Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

## PART 2:    PLAN PAYMENTS AND LENGTH OF PLAN

**Debtors will make payments to the trustee as follows**:

### $1,283.00 SEMI-MONTHLY  from CRACKER BARREL OLD COUNTRY STORE

**[PLUS  NET PI PROCEEDS]**

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

## Plan "base" and income tax refunds:

Debtors shall pay to the trustee a minimum amount, called a "base," of **$153,900.00 plus net PI proceeds**.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

## PART 3:    TREATMENT OF SECURED CLAIMS

### 3.1  Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).

**There are no long term claims paid by the Trustee.**

### 3.2  Valuation of security and claim modification.

For each claim listed below, the Court determines the value of the creditor's interest in any property securing the claim in accordance with the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)      payment of the underlying debt determined under nonbankruptcy law, or

(b)      discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Amount of Claim | Value securing claim | Value of collateral less than Claim? | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| BRIDGECREST CREDIT COMPANY LLC<br>06 CHRYSLER 300 | $6,486.58 | $4,500.00 | Yes | 5.00% | $84.92 |
| BRIDGECREST CREDIT COMPANY LLC<br>2015 DODGE DART COSIGNER | $14,568.32 | $11,500.00 | Yes | 5.00% | $217.02 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

--------------- NONE ---------------

**3.4 Lien avoidance.**

--------------- NONE ---------------

**3.5 Surrender of collateral.**

--------------- NONE ---------------

## PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)

**4.1 Attorney's fees.**

The balance of fees currently owed to **SCOTT D WILSON** is **$4,250.00**. The total fee awarded to the attorney is **$4,250.00** pursuant to Administrative Order 20-2.

Except for any fees retained as a "Success Incentive" , the balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows: **Available funds**.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.**

----------NONE----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

----------NONE----------

**4.3 Other priority claims.**

The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| UNITED STATES TREASURY<br>17 18 19 INCOME TAX | $11,090.11 |

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **$66,000.00** and a minimum dividend of **40.000**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

**N/A**

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

--------------- NONE ---------------

**5.4 Separately classified nonpriority unsecured claims.**

--------------- NONE ---------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

----------NONE----------

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

**Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtors , as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Creditor/Collateral | CURRENT | | ARREARS | |
| --- | --- | --- | --- | --- |
| | Monthly Payment | Total to be paid | Amount to be paid | Monthly Payment |
| J AND L SALES AND RENTALS LLC | $169.50 | $8,294.00 | $1,407.50 | pro rata |
| 10X20 SHED | Disbursed by: trustee | | Disbursed by: trustee | |
| VERIZON WIRELESS | per contract if applicable | per contract if applicable | $0.00(e) | n/a |
| CELL PHONE | Disbursed by: debtor | | Disbursed by: trustee | |

## PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

    If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

## PART 8: VESTING OF PROPERTY OF THE ESTATE

**8.1 Property of the estate will vest in the debtors upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**

## PART 9: NONSTANDARD PLAN PROVISIONS

**Surrender (BED AND TV) to BUDDYS HOME FURNISHINGS per rejected contract.**

**<u>Student Loan IDR Plan Provisions</u>**

I.  **Eligibility to Enroll in IDR Plan During Bankruptcy.** The Debtor shall not be disqualified due to this bankruptcy filing or the pending pendency of this bankruptcy case shall not disqualify the Debtor from participation in any income-driven repayment ("IDR") plan for student loan debt or from any nonbankruptcy option for getting a student loan debt out of default, for which Debtor would otherwise be qualified. The Debtor shall request a plan modification upon any enrollment in an IDR plan if the Debtor enrolls in an IDR plan and shall request appropriate Court approval for participation in an option for getting a student loan debt out of default. In the absence of a plan modification, the plan provides for the Debtor's student loan debt under the applicable provisions of Part 5 or as otherwise stated in any nonstandard provisions in Part 9.

II. **Dischargeability of Student Loan Debt.** This plan does not provide for the discharge of any portion of the Debtor's federal student loan debt(s) under title 11, but it does not preclude a determination of dischargeability in an adversary proceeding.

III.   **Waiver of Automatic Stay.** The Debtor expressly waives the application of the automatic stay under § 362(a) as to all communications concerning: (1) enrollment or participation in an IDR plan and (2) nonbankruptcy options for getting a student loan debt out of default. The Debtor also expressly waives the application of the automatic stay under § 362(a), to the extent necessary to effectuate this Chapter 13 plan, and as to all loan servicing and administrative actions concerning: (1) an IDR plan and (2) nonbankruptcy options for getting a student loan debt out of default to the extent necessary to effectuate this Chapter 13 plan.

IV.   **Opportunity for Claimholder to Cure.** Before instituting any action against a federal student loan claimholder under 11 U.S.C. § 362 or for failure to comply with this plan, the Debtor first shall give notice in writing by letter describing any alleged action that is contrary to the plan or 11 U.S.C. § 362(a) and provide a reasonable opportunity to review and, if appropriate, correct such actions. Any notice given under this provision must include the Debtors's name(s), bankruptcy case number, and identification of the Federal Student Loans, and must be mailed to:

c/o The United States Attorney's Office

Middle District of Tennessee
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203

Approved:

/s/SCOTT D WILSON
SCOTT D WILSON
ATTY FOR THE DEBTOR
WILSON LEGAL SERVICES
405 1/2 A  31ST AVE N
NASHVILLE, TN  37209
615-297-2400
wilsonlgl@hotmail.com

MARIAN F HARRISON
Bankruptcy Judge

Original 341 Date:  **March 17, 2020  11:00 am**
Case no: **20-00625-MH3-13**
Printed:     **05/19/2020          2:56 pm**

Chapter 13 Plan

## EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

| | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
| | US BANKRUPTCY COURT | FILING FEE | 1 |
| | US BANKRUPTCY COURT | NOTICE FEE | 2 |
| * | BRIDGECREST CREDIT COMPANY LLC 06 CHRYSLER 300 | AUTOMOBILE LOAN | 3 |
| * | BRIDGECREST CREDIT COMPANY LLC 2015 DODGE DART COSIGNER | AUTOMOBILE LOAN | 3 |
| * | J AND L SALES AND RENTALS LLC 10X20 SHED | COSTED - LEASE PYMT/POST PET | 3 |
| | SCOTT D WILSON | ATTORNEY FEE | 4 |
| * | J AND L SALES AND RENTALS LLC 10X20 SHED | LEASE ARREARS | 5 |
| * | UNITED STATES TREASURY 17 18 19 INCOME TAX | PRIORITY CREDITOR | 6 |
| ! | SCOTT D WILSON | ATTY SUCCESS INCENTIVE/PRIOR ATTY | 7 |
| | ADVANCED DIAGNOSTIC | UNSECURED CREDITOR | 8 |
| * | ADVANCED SLEEP OF MIDDLE TN | UNSECURED CREDITOR | 8 |
| | ADVANCED SLEEP OF MIDDLE TN | UNSECURED CREDITOR | 8 |
| | AMERICAN MEDICAL RESPONSE OF T | UNSECURED CREDITOR | 8 |
| | AMERICAN MEDICAL RESPONSE OF TN | UNSECURED CREDITOR | 8 |
| * | ASCENDIUM EDUCATION SOLUTIONS STUDENT LOAN | UNSECURED CREDITOR | 8 |
| * | AT T MOBILITY II LLC | UNSECURED CREDITOR | 8 |
| * | BANK OF MISSOURI VISA CC | UNSECURED CREDITOR | 8 |
| | BIG PICTURE LOANS | UNSECURED CREDITOR | 8 |
| * | CASHNETUSA | UNSECURED CREDITOR | 8 |

| | CHASE CARD SERVICES<br>CC | UNSECURED CREDITOR | 8 |
| * | CHECK INTO CASH | UNSECURED CREDITOR | 8 |
| | CREDIT ONE BANK | UNSECURED CREDITOR | 8 |
| | DIRECTV | UNSECURED CREDITOR | 8 |
| * | DIRECTV LLC | UNSECURED CREDITOR | 8 |
| | FINGERHUT | UNSECURED CREDITOR | 8 |
| | FINGERHUT | UNSECURED CREDITOR | 8 |
| | FIRST ACCESS | UNSECURED CREDITOR | 8 |
| | FIRST NATIONAL BANK LEGACY<br>CC | UNSECURED CREDITOR | 8 |
| | GREAT LAKES HIGHER EDUCATION<br>STUDENT LOAN | UNSECURED CREDITOR | 8 |
| * | HARPETH FINANCIAL<br>JUDGMENT | UNSECURED CREDITOR | 8 |
| * | JEFFERSON CAPITAL SYSTEMS LLC<br>FIRST PREMIER BANK | UNSECURED CREDITOR | 8 |
| * | JEFFERSON CAPITAL SYSTEMS LLC<br>FIRST PREMIER BANKCARD | UNSECURED CREDITOR | 8 |
| | KNIGHT AND HOOPER PLLC | UNSECURED CREDITOR | 8 |
| | LVNV FUNDING | UNSECURED CREDITOR | 8 |
| * | LVNV FUNDING LLC<br>CREDIT ONE BANK | UNSECURED CREDITOR | 8 |
| * | MASSEYS | UNSECURED CREDITOR | 8 |
| | MERRICK BANK | UNSECURED CREDITOR | 8 |
| | MERRICK BANK CARDWORKS<br>CC | UNSECURED CREDITOR | 8 |
| * | MIDNIGHT VELVET | UNSECURED CREDITOR | 8 |
| | MONROE CARELL JR CHILDRENS HOSPI | UNSECURED CREDITOR | 8 |
| * | NATIONAL CREDIT ADJUSTERS<br>SPEEDY CASH | UNSECURED CREDITOR | 8 |
| | NAVIENT<br>STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT<br>STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT<br>STUDENT LOAN | UNSECURED CREDITOR | 8 |

| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
|---|---|---|---|
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | NAVIENT STUDENT LOAN | UNSECURED CREDITOR | 8 |
| * | NEUROLOGY CLINIC AND ASSOC | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II SOLOMON EMERGENCY PHYSICIANS | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II SOLOMON EMERGENCY PHYSICIANS | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II SOLOMON EMERGENCY PHYSICIANS | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II SOLOMON EMERGENCY PHYSICIANS | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II TWO RIVERS EMERGENCY PHYSICIAN | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II SOLOMON EMERGENCY PHYSICIANS | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II | UNSECURED CREDITOR | 8 |

| | SOLOMON EMERGENCY PHYSICIANS | | |
|---|---|---|---|
| * | PENDRICK CAPITAL PARTNERS II SOLOMON EMERGENCY PHYSICIANS | UNSECURED CREDITOR | 8 |
| * | PENDRICK CAPITAL PARTNERS II SOLOMON EMERGENCY PHYSICIANS | UNSECURED CREDITOR | 8 |
| | PIONEER CREDIT RECOVERY | UNSECURED CREDITOR | 8 |
| * | PORTFOLIO RECOVERY ASSOCIATES LL BARCLAYS BANK DELWARE | UNSECURED CREDITOR | 8 |
| | RUTHERFORD COUNTY EMERGENCY M | UNSECURED CREDITOR | 8 |
| * | SCOLOPAX LLC TEMPOE | UNSECURED CREDITOR | 8 |
| | SECURITY CREDIT SERVICES | UNSECURED CREDITOR | 8 |
| * | SEVENTH AVENUE | UNSECURED CREDITOR | 8 |
| | SUMMIT MEDICAL CENTER | UNSECURED CREDITOR | 8 |
| * | TEA OLIVE LLC CASHNETUSA | UNSECURED CREDITOR | 8 |
| | TEMPOE LLC | UNSECURED CREDITOR | 8 |
| * | TENNESSEE QUICK CASH JUDGMENT | UNSECURED CREDITOR | 8 |
| | TENNOVA HEALTHCARE | UNSECURED CREDITOR | 8 |
| | TENNOVA HEALTHCARE | UNSECURED CREDITOR | 8 |
| | TENNOVA HEALTHCARE LEBANON | UNSECURED CREDITOR | 8 |
| | TENNOVA HEALTHCARE LEBANON | UNSECURED CREDITOR | 8 |
| | TENNOVA HEALTHCARE LEBANON | UNSECURED CREDITOR | 8 |
| | USDOE GLELSI STUDENT LOAN | UNSECURED CREDITOR | 8 |
| | WILSON BANK AND TRUST | UNSECURED CREDITOR | 8 |
| * | WORLD FINANCE | UNSECURED CREDITOR | 8 |
| | 1305 CLAIM | UNSECURED - 1305 | 9 |

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.